OPINION OF THE COURT — bv the
Hon. JOHN BLACK.
The claim set forth in complainant’s hill, is of a nature entirely legal, not equitable. The complainant derives title by a deed of-gift; of which *357 the party might avail himself in a court of law, either as plaintiff, in establishing his claim, or as defendant. Certainly an original bill could not be sustained in equity, by the complainant, on such a title, to compel the defendant to deliver to him the possession of these negroes. The court of equity would say to him:. admitting all your statements to be true, you have a complete title by which you can establish your demand in a court of law: no resort to this court is necessary. Is the question altered by the complainant stating that a judgment has been recovered against him by the administrator?
It does not appear whether the suit was commenced before, or after the appointment of the plaintiffto the guardianship of his son. If it was before, he had no right or title to the negroes in question, and the judgment obtained-at that time is no bar to future proceedings at law. The judgment was obtained against him personally, as he detained property from the administrator, to which he had no right, (and the verdict of the jury is evidence that he did,) it is questionable whether the court would relieve him, on his afterwards stating that he had acquired title in right of another.
If the appointment of complainant, as guardian, took place before the suit at law, and he defended himself under the deed of gift, and by virtue of his possession as guardian, and the jury have found against the validity of the deed of gift, (which is the truth of the case,) it should put at rest forever this paper, as a deed of gift: and, admitting that it is not soothe result would be as before stated. Equity would have nothing to do with the claim as at present presented.
My opinion is, that the decree of the chancellor, overruling the demurrer, is erroneous, and should be reversed and the demurrer sustained; complainant’s bill dismissed.
Having determined the question arising in this case, on the demurrer in favor of defendant, it is unnecessary to notice the several grounds and principles assumed by the complainant’s counsel; first, that this isa deed of gift — second, if not a valid deed of gift, an escrow; and, thirdly, it is a will. The complainant must be confined, in proof, to the allegations of his bill: he sets up no will; he does not pray .that this may be established as such, it is, therefore, unnecessary to give an opinion on these points ^ *358 more particularly so, as we may, in all probability be called on to consider of the matter hereafter. If this be a will, the party can take the- nsces--. sary course to establish it as such.
McMurran, Grayson and McDanoldfor complainant;
Marsh, Adams, and D. S. &R. J. Walker for defendant.
Judges Turner, Cage and Nicholson concurred.